IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal Case No. JFM-03-554 |
| | * | |
| **ANGELA MUSE** | * | |
| | * | |

************

## MEMORANDUM OPINION

Pending before the Court is Defendant Angela Muse's objection to the writ of continuing garnishment sought by the United States as a means of collecting her outstanding restitution.[1] This case was referred to me in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 to conduct a hearing on the writ. I have considered Ms. Muse's objection, the parties' pre-hearing submissions, and the arguments made by the parties at the July 1, 2015, hearing. [ECF Nos. 35, 43, 45]. For the reasons that follow, I overrule Ms. Muse's objection to the writ of continuing garnishment.

Because Ms. Muse raises several arguments which previously have been adjudicated by this Court, a discussion of the procedural background of the case is warranted. On July 8, 2004, Ms. Muse pleaded guilty to one count of wire fraud under 18 U.S.C. § 1343. The Honorable Andre M. Davis sentenced Ms. Muse to one year and one day of imprisonment, two years of supervised release, and restitution in the amount of $262,660.65. J. Order, Dec. 2, 2004 [ECF No. 6]. On August 15, 2011, the Government sought a writ of continuing garnishment, pursuant to 28 U.S.C. § 3205(b), as a means of collecting the then-outstanding restitution amount, plus

---

[1] Although Ms. Muse's filing was styled as an "Answer," the Court will liberally construe her filing as an Objection asserted pursuant to 28 U.S.C. § 3205(c)(5).

accrued costs and interest ("the 2011 writ").  Appl. for Writ [ECF No. 9].  Ms. Muse objected to the 2011 writ, contending that she had no obligation whatsoever to pay restitution under the Judgment Order, but that if the Court found she had such an obligation, the obligation had ceased upon completion of her supervised release.  Thus, she contended, the Government was not entitled to garnish her wages.  Def.'s Objection, Oct. 18, 2011 [ECF No. 11].  The case was referred to the Honorable Susan K. Gauvey for proceedings concerning the 2011 writ.  Order, Oct. 25, 2011 [ECF No. 13].  Judge Gauvey sought briefing from the Government regarding its understanding of certain "arguably ambiguous" statements made by Judge Davis at Ms. Muse's sentencing hearing.[2]  Order, Dec. 21, 2011 [ECF No. 15].  Judge Gauvey then held a hearing on January 26, 2012, and subsequently issued a brief Order denying Ms. Muse's request to dismiss the 2011 writ.  She specifically held that "Ms. Muse has a continuing obligation to pay toward the restitution in the December 2, 2004 judgment."  Order, April 5, 2012 [ECF No. 20].  In June 2012, while Ms. Muse's appeal of Judge Gauvey's April, 2012 Order was pending in the Fourth Circuit, the Government voluntarily terminated the 2011 writ.  Notice of Appeal [ECF No. 21]; Mot. to Terminate [ECF No. 28].  The appeal was thus dismissed for lack of subject matter jurisdiction.  J. of 4th Cir. [ECF No. 30].

On December 30, 2014, the Government again sought a writ of continuing garnishment, pursuant to 28 U.S.C. § 3205(b)(1), as a means of collecting the outstanding restitution amount, plus costs and interest ("the 2014 writ").  Appl. for Writ [ECF No. 33].  Ms. Muse filed an objection to the 2014 writ, reiterating many of the grounds she had raised in objection to the 2011 writ.  Def.'s Objection, Jan. 29, 2015 [ECF No. 35].  Ms. Muse also claimed that by voluntarily terminating the 2011 writ, the Government agreed "that based on their interpretation

---

[2] According to Judge Gauvey's Order, Judge Davis stated that "'restitution is to be paid during the period of two years supervised release in the minimum amount of $100.00 per month.'"

of the order that [she is] compliant with [her] payments," and that "[t]here has been no change in the situation warranting the use of garnishment to enforce collection." *Id.* The case was thereafter referred to me for proceedings concerning the 2014 writ, and a hearing was scheduled. Orders, Jun. 17, 2015 [ECF Nos. 39, 40]. Prior to the hearing, the Government filed a Brief in Support of its Writ of Continuing Garnishment, arguing that the writ is proper pursuant to the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A and 3613A, and the Federal Debt Collection Procedures Act ("FDCA"), 28 U.S.C. §§ 3001-3308. Pl.'s Br. in Supp., Jun. 18, 2015 [ECF No. 43]. Ms. Muse filed a Response (1) objecting to the timeliness of the Government's brief; (2) alleging that the Government's termination of the 2011 writ rendered Judge Gauvey's April, 2012 order "null and void"; and (3) contending that the 2014 writ is improper because she is not in "default." Def.'s Resp., Jun. 25, 2015 [ECF No. 45]. I held a on July 1, 2015. [ECF No. 46].

As an initial matter, I am unpersuaded by Ms. Muse's argument that the government's brief was untimely filed. In support of her argument, Ms. Muse cites "Rule 12(a)(c)" and "Rule 27(a)(4)." Construing her filing liberally, I assume that she cites the Federal Rules of Civil Procedure; however, Federal Rules of Civil Procedure 12 and 27 are both inapposite to the instant matter.[3] The procedure under which a judgment debtor may object to a writ of garnishment is set forth in 28 U.S.C. § 3205(a), and that procedure neither contemplates nor specifies a timeline for responses by any party. The Government's submission was therefore a timely pre-hearing brief. I note, however, that even if the Government's brief were to be

---

[3] Federal Rule of Civil Procedure 12 governs the timing to serve responsive pleadings, the presentation of certain defenses, and other aspects of motions practice. Fed. R. Civ. P. 12. Federal Rule of Civil Procedure 27 governs depositions to perpetuate testimony. Fed. R. Civ. P. 27. After thorough review of both rules, it is unclear how either might pertain to the timing of the government's response to Ms. Muse's objection to its application for a writ of garnishment.

stricken, the substantive effect would be negligible, since the Government reiterated the arguments contained therein at the hearing.

Despite Ms. Muse's unsupported contention that the Government's termination of the 2011 writ rendered Judge Gauvey's April, 2012 Order "null and void," I am not only bound by, but I also agree with, Judge Gauvey's determination that, "Ms. Muse has a continuing obligation to pay toward the restitution ordered in the December 2, 2004 judgment." I expressly adopt Judge Gauvey's reasoning that:

> What is pretty clear to me is that in reading the [judgment] order and referring to the statute . . . I understand that one box was not checked, but I don't believe looking at the whole document, understanding the mandatory nature of restitution, that your obligation to pay the $200,000-and-some ends at the end of your period of supervised release. . . . I don't think you have a valid defense to the writ of garnishment. . . . And that the [G]overnment, referring to the Section 3664(m), has the ability to take whatever actions it needs to take in order to assure it.

Jan. 2012 Hr'g Tr., 19:25–20:15, 26:16–19 [ECF No. 43–7].[4]  There is also no basis for Ms. Muse's contention that the Government's termination of the 2011 writ somehow eliminated its right to seek a subsequent writ of garnishment. I thus need only consider Ms. Muse's substantive arguments concerning whether garnishment is currently an appropriate remedy by which the Government may attempt to collect the balance of the restitution Ms. Muse owes.

An order of restitution may be enforced by the United States in the manner provided for enforcing criminal fines, and "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Restitution may thus be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law." 18 U.S.C. § 3613(a) (setting forth the civil remedies for satisfaction of an unpaid fine). The FDCPA outlines the practices and procedures for the enforcement of such judgments, including garnishment

---

[4] Ms. Muse contends that the Government's dismissal of the 2011 writ foreclosed her appellate rights. Def.'s Resp. 1, Jun. 25, 2015. Because I have adopted Judge Gauvey's reasoning, it is now subject to appeal as it applies to the 2014 writ.

under 28 U.S.C. § 3205. Accordingly, as the Government properly contends, it is indeed entitled to collect the unpaid amount of Ms. Muse's restitution order via a writ of garnishment.

Ms. Muse's argument that garnishment is a remedy only for default is without merit.[5] In support of her argument, Ms. Muse cites the MVRA provision setting forth the effect of default, which provides:

> Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant pursuant to section 3614, hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution.

18 U.S.C. § 3613A. Notably, however, that provision does not list garnishment as a potential effect of default. Moreover, the FDCPA does not mention default as a prerequisite for seeking a writ of garnishment, or for invoking any of its other remedies. 28 U.S.C. §§ 3201-3206. The statutes setting forth the practices and procedures for the collection and enforcement of criminal fines and restitution also do not require default. 18 U.S.C. §§ 3612, 3613. Having an unpaid balance on a total debt is critically distinguishable from defaulting on that debt. The only pertinent prerequisite to employing garnishment as a means of collecting a criminal fine or restitution is that some balance of the fine or restitution remains outstanding—a prerequisite which is clearly satisfied in this case, even if Ms. Muse has been making $100.00 monthly payments.[6]

---

[5] Ms. Muse asserted a similar argument at the January, 2012 hearing. Judge Gauvey's order implies that she did not deem default a prerequisite to seeking a writ of garnishment. However, since Judge Gauvey did not specifically address the matter either at the hearing or in her April, 2012 Order, it is addressed more thoroughly herein.

[6] As noted by Judge Gauvey, the continuing propriety of the $100.00 monthly payment is not presented to the Court by virtue of the writ. The Government contends that the obligation no longer exits. Govt. Br. 7. The parties should confer regarding Ms. Muse's obligation to make continued monthly payments in light of the writ, and if agreement proves impossible, should present the issue for adjudication under 18 U.S.C. § 3664(k).

Subsequent to Ms. Muse's supervised release, the Government became entitled to use whatever means were available to it to enforce the restitution order in its totality, including garnishment of her wages up to the maximum statutory rate. Whether Ms. Muse is subject to a legal obligation to provide the Government with financial disclosures is irrelevant to the issue before the Court. As stated above, the Government is entitled, up to the statutory maximum, to garnish Ms. Muse's wages, irrespective of whether she provides the government with the additional financial information it seeks.

For the reasons stated herein, Ms. Muse's objection to the writ of continuing garnishment is overruled. An accompanying order is entered herewith.[7]

Dated: July 16, 2015

/s/
Stephanie A. Gallagher
United States Magistrate Judge

---

[7] If appropriate, the government should submit a proposed disposition order in accordance with 28 U.S.C. § 3205(c)(7) within 3 days of the issuance of this opinion.